## HEINZE v. McKINNON.

(Circuit Court of Appeals, Second Circuit.   May 15, 1913.)

No. 193.

· PLEDGES (§ 31*)—PLEDGED SECURITIES—WAIVER OF TORT—ACTION ON CONTRACT.

Where one to whom securities have been pledged for a debt wrongfully sold the same, the pledgor was entitled to waive the tort and sue

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in contract; but by doing so he affirmed the sale of the securities, and was entitled to recover, not the reasonable value thereof, but only the proceeds of the sale.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 86–88; Dec. Dig. § 31.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by John W. McKinnon, individually and as agent for the shareholders of the Bank of North America, against Arthur P. Heinze. Judgment for plaintiff, and defendant brings error. Affirmed.

The action was brought by the plaintiff as agent of the shareholders of the Bank of North America to recover the balance due upon a promissory note for $100,000 made by the defendant to his own order and indorsed and delivered to the bank after crediting upon it certain payments and the proceeds of certain securities pledged by the defendant to the bank as collateral. The defendant admitted the making, indorsement and delivery of the note and set up by way of defense and counterclaim certain demands growing out of the disposition by the plaintiff of the collateral. These were pleaded as demands in assumpsit for moneys had and received and for securities sold and delivered, and the position of the defendant with respect to them was thus stated by his counsel upon the trial:

"I call your honor's attention to the fact t' it it is not a counterclaim in conversion but a counterclaim for money due by virtue of the conversion; in other words the conversion is waived, the tort is waived and we sue on the common counts for conversion for the value of the goods converted within a reasonable time after they are converted or after we learn of their conversion."

The trial court ruled in substance that the pleadings did not permit the proof of any such counterclaim.

It appeared, without question, that all the collateral in question had been sold by the plaintiff and that all the proceeds received from the sales had been credited upon the note.

F. E. M. Bullowa, of New York City (Ferdinand E. M. Bullowa, Emilie M. Bullowa, and Richard S. Harvey, all of New York City, of counsel), for plaintiff in error.

Underwood, Van Vorst & Hoyt, of New York City (A. B. Siegel and J. Markham Marshall, both of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The authorities do not agree upon the proposition that an owner may sue in assumpsit when a wrongdoer has merely appropriated property to his own use. It is said by many courts that where property remains in the hands of the wrongdoer, there are no moneys with respect to which there can be an implied promise to pay over. But in New York and some other jurisdictions a different rule is adopted and another legal fiction is added to the action of trover. It is held that where a person converts property to his own use, the owner may sue either in tort for the damages or in assumpsit upon an implied contract of sale to the tort-feasor who is not permitted to set up his wrongful intent in dissavowal of the promise which the law implies.

In this case it is not necessary to resort to the New York rule to obtain the right to sue in contract. Here it appears that there was not a mere misappropriation by the tort-feasor but an alleged wrongful sale. In such a case the authorities are uniform that the owner may dispense with the wrong, treat the sale as made by his consent, and bring an action for the proceeds as money had and received for his use. But in the present case a waiver of the tort and a ratification of the sale would not aid the defendant upon his counterclaim because he is already credited with the proceeds of the sale. Consequently the defendant is obliged to go further; and his theory, as we understand it, is that he can apply the New York rule that a tort-feasor promises to pay the reasonable value of that which he converts to a case where he sells the property for a different price. But this carries the fiction altogether too far. There may be reasons why a tort-feasor retaining another's property should be held liable in contract for its value. The law might force upon him a promise to pay for that which he retains as well as it does to account for the proceeds of that which he sells. But there is no reason why the law should force upon a tort-feasor who sells the promise implied when he does not sell. The only purpose of all these legal implications is to give the injured person adequate remedies. And, as already shown, an owner in case of a conversion by sale may recover in tort the value of the property regardless of what it sold for and in contract the proceeds of the sale regardless of the value. These remedies, in addition to replevin, are sufficient for the protection of all his rights.

It must be observed that this is not a case where a defendant is seeking to set up by way of defense, recoupment or counterclaim a demand for damages which he has sustained by reason of the wrongful conversion of his securities. He is not making a demand in tort and urging that it should be considered because it is connected with the transaction in suit. His cause of action as stated in his answer sounds in contract and he stated in presenting his case that he waived the tort. Consequently he stood upon an affirmance of the sale of his securities and if he had not been credited with the proceeds he could have obtained the benefit of them by his pleadings. But as he had received such credit he failed to show that he was entitled to anything more.

The judgment of the District Court is affirmed.